Filed 12/17/15  P. v. Smith CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEONDRE ALFRED SMITH,<br><br>    Defendant and Appellant. | 2d Crim. No. B257220<br>(Super. Ct. No. BA420012)<br>(Los Angeles County) |

A jury convicted appellant Deondre Alfred Smith of second degree robbery.  (Pen. Code, § 211.)[1]  He waived a jury trial on allegations that he had a prior strike (§§ 667, subds. (b)-(j), 1170.12), had served three prior prison terms within five years (§ 667.5, subd. (b)), and had a prior serious felony conviction (§ 667, subd. (a)(1)).  The trial court found the allegations to be true.  Appellant was sentenced to an aggregate prison term of 12 years, consisting of 3 years for the offense, doubled as a second strike, 5 years for the prior serious felony conviction, and 1 year for one of the prior prison terms.  The trial court stayed a one-year enhancement for one of the other prior prison terms (§ 654) and, pursuant to the People's motion, dismissed the remaining prior prison term allegation.

---

[1] All further statutory references are to the Penal Code.

Appellant contends there was insufficient evidence to support the jury's guilty verdict and the trial court's finding that he suffered the prior serious felony conviction used as a first strike to double his three-year sentence and as a five-year sentence enhancement. The People concede that the evidence of the prior conviction was insufficient. We affirm appellant's conviction, reverse the trial court's finding that he suffered the prior serious felony conviction, and remand for retrial on that allegation.

FACTS

Victim Michael Brennan was returning home from a club in Hollywood around 2:00 a.m. He had consumed at least three beers and was "buzzed" but "not . . . intoxicated." He entered the Metro Red Line station at Hollywood and Highland and got on the down escalator. A man in a red shirt in front of him on the escalator, later identified as Tarrant Stewart, approached him and began asking for money. When they reached the bottom of the escalator, the victim noticed appellant, a third man, and a woman standing there.

Appellant and Stewart dragged the victim about 10 feet into an elevator. The third man and the woman accompanied them. Appellant and Stewart threw him on the ground. The third man stood back and the woman said, "Don't hurt him." The victim said he had no money and pleaded with them not to hurt him. Appellant held him down and punched him in the face. Someone—the victim thought appellant but was unsure—said, "Get it, get it, get it." Someone reached into the victim's pocket and took his iPhone 4S.

The group of four left the elevator together. The victim chased them up the stairs. Outside the station, appellant and the woman started walking towards the victim "like nothing [had] happened." The victim could not see the other two males. He saw police officers nearby and began screaming at appellant, "You stole my phone[!] You stole my phone[!]" Appellant screamed, "I did not steal your phone[!]" The police officers came over. The victim told them what had happened. He spoke coherently and articulately. Appellant was arrested. He did not have the victim's phone, which was never recovered.

2

DISCUSSION

Appellant contends that there is insufficient evidence that he committed the robbery. In reviewing claims of insufficient evidence, we examine the entire record in the light most favorable to the judgment to determine whether there is substantial evidence that is reasonable, credible, and of solid value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Maciel* (2013) 57 Cal.4th 482, 514-515.) We do not reweigh the evidence or reassess the credibility of witnesses. (*People v. Houston* (2012) 54 Cal.4th 1186, 1215.) We accept the logical inferences that the jury might have drawn from the evidence even if we would have concluded otherwise. (*People v. Streeter* (2012) 54 Cal.4th 205, 241.) If the trier of fact's findings are reasonably justified by the circumstances, the opinion of the reviewing court that a contrary finding might also reasonably be reconciled with the circumstances does not warrant reversing the judgment. (*People v. Jones* (2013) 57 Cal.4th 899, 961.)

The evidence, taken in the light most favorable to appellant's conviction, showed that appellant came down the escalator shortly before Stewart and the victim and waited for them at the bottom. Appellant's pre-positioning himself showed that he planned the robbery with the others. Once the victim reached the bottom, appellant, Stewart, and the unidentified man and woman surrounded him. Appellant and Stewart pulled him into the elevator, a spot of relative isolation where they could commit the robbery. Appellant pushed the victim to the ground, held him down, and punched him, keeping him disabled and allowing one of the others to rob him. Appellant told the others to "get it," *i.e.*, steal the victim's phone, which one of the others did. Once the phone was taken, the group retreated up the stairs and escalator and out of the station. This was evidenced by testimony from the victim, the investigating officer, and video footage of the station showing the incident up to the time the victim was dragged into the elevator. It amply supports appellant's guilt on an aiding and abetting theory. (See *People v. Mitchell* (1986) 183 Cal.App.3d 325, 330.)

The People concede that there was insufficient evidence of appellant's 2012 conviction for battery with serious bodily injury (§ 243, subd. (d)), which was used as a

prior strike to double his three-year sentence and as a five-year sentence enhancement. Accordingly, we reverse that finding and remand to the trial court to retry the issue. (See *People v. Barragan* (2004) 32 Cal.4th 236, 239 ["[R]etrial of a strike allegation is permissible where a trier of fact finds the allegation to be true, but an appellate court reverses that finding for insufficient evidence"].)

DISPOSITION

The trial court's true finding that appellant suffered a prior conviction for battery with serious bodily injury is reversed and this matter is remanded for retrial on that allegation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Curtis B. Rappe, Judge

Superior Court County of Los Angeles

_____

Law Offices of Pamela J. Voich, Pamela J. Voich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Russell A. Lehman, Deputy Attorney General, for Plaintiff and Respondent.